[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff claims breach of an employment contract, and unjust enrichment (in that his work was worth more than he was paid).
Count II, which alleges unjust enrichment, can be disposed of summarily. There was no evidence that the plaintiff's services were worth $2,000.00 per month, which is his claim.
The plaintiff claims he was hired by the defendant C.P.A. International, Inc., hereinafter C.P.A., to audit freight records and that he was promised $2,000.00 per month with the understanding that he would receive $1,400 per month until such time as the defendant was in a financial condition which would allow them to pay him the "deferred compensation". He also claims a similar promise was made with respect to health insurance, that is C.P.A. would reimburse him an additional $84.00 per month at a later date.
The principal of C.P.A. testified that the plaintiff's figures were his demand when he was hired, but that they explicitly told him they could pay him only $1,400.00 per month and that they could not and would not provide health insurance.
The plaintiff was in fact paid $700.00 every two weeks from May 15, 1986 to January 30, 1987. The two checks he received after January 30th were for the net amount of $561.95 because C.P.A. deducted FICA and Income Tax from the $700.00. Thereafter the plaintiff stopped working for C.P.A.
The reason for the deduction in the final two checks was that the plaintiff, who is the nephew of one of the defendant principals of C.P.A., was unable to pay his 1986 taxes and the defendants gave him $1,013.00 on January 30, 1987 for this purpose. The principals of C.P.A. wanted to avoid a similar situation in the future.
The Court finds the testimony of William Titone and Norman Smith to be logical and credible.
The plaintiff, who has the burden of proving the CT Page 6254 allegations in the complaint, has not met that burden.
Accordingly, judgment shall enter for the defendants.
BY THE COURT
Klaczak, J.